# Judge Hellerstein 09 CV 9780

**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)
Molly A. Brooks (MB 2360)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000



RECEIVED
NOV 2 4 2009
U.S.D.C. S.D. N.Y.
CASHIERS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASHLEY AMICK, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.,<br><br>               Defendant. | **Case No.**<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Ashley Amick (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, Outten & Golden LLP, allege, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

### INTRODUCTION

1. American Express Travel Related Services Company, Inc. (hereinafter "Defendant" or "TRS") operates customer service call centers in four states.

2. Plaintiff worked for TRS in Greensboro, North Carolina, as a customer service representative ("CSR") handling telephone inquiries from "American Express" customers regarding, *inter alia*, credit card services, investment services, and insurance administered by American Express Company.

3.    Plaintiff seeks to recover unpaid wages and overtime compensation on behalf of himself, and other similarly situated current and former hourly telephone customer service workers ("CSRs") employed by TRS from October 29, 2006 to the entry of final judgment in this action. TRS did not pay its CSRs for time they worked before the start of their regularly scheduled shifts, time that they worked during their unpaid lunch breaks, time that they worked after the end of their regularly scheduled shifts, and failed to include all compensation in calculating the regular rate for overtime premium pay.

4.    Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") on behalf of himself and all similarly situated current and former CSRs who worked at TRS' call centers nationwide from October 29, 2006 to the entry of final judgment who elect to opt-in to this action pursuant to the collective action provision of the FLSA, 29 U.S.C. §216(b) (the "FLSA Collective") to remedy violations of the overtime compensation provisions of the FLSA.

5.    Plaintiff also brings this claim on behalf of himself and all similarly situated current and former CSRs who worked at TRS' call center in Greensboro, NC from October 29, 2007 to the entry of final judgment (the "NC Class") as a class action under Federal Rule of Civil Procedure 23 to remedy violations of the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-24 *et seq.* and §§ 95-25 *et seq.* ("NCWHA"), including §§ 95-25.4 and 95-25.22 and the administrative rules of the North Carolina Department of Labor (collectively, the "NC Labor Laws").

6.    These violations have arisen out of TRS' uniform company-wide policies and their pattern or practice of violating wage-and-hour laws.

2

## SUMMARY OF CLAIMS

7.     Due to TRS' violations of the FLSA, the FLSA Collective is entitled to recover, *inter alia*: (i) payment of overtime wages at the rate of one and one-half times the employee's regular rate for all hours worked in excess of forty (40) hours in any given workweek; (ii) unpaid overtime compensation due to TRS' failure to include all compensation in calculating the regular rate for overtime premium pay; (iii) liquidated damages; (iv) prejudgment interest; and (v) attorneys' fees and costs, pursuant to 29 U.S.C. § 201 *et seq*.

8.     Due to TRS' violations of the NC Labor Laws, the NC Class is entitled to recover, *inter alia*: (i) payment of wages for all hours worked; (ii) payment of overtime wages at the rate of one and one-half times the employee's regular rate for all hours worked in excess of forty (40) hours in any given workweek; (iii) unpaid overtime wages due to TRS' failure to include all compensation in calculating the regular rate for overtime premium pay; (iv) liquidated damages; (v) prejudgment interest; and (vi) attorneys' fees and costs.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §§ 1332(d) and 1367.

10.     In addition, the Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b).

11.     Plaintiffs' federal-law claim is so related to their state-law claims that they form part of the same case or controversy under Article III of the United States Constitution.

12.     Plaintiff is a citizen of a state different from TRS.

13.     Plaintiffs' claims involve matters of national or interstate interest.

3

14.   TRS resides in New York.

15.   TRS is subject to personal jurisdiction in New York.

16.   The amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

17.   This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

18.   Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, TRS resides in this district, and TRS is subject to personal jurisdiction in this district.

## THE PARTIES

19.   Plaintiff resides in North Carolina.

20.   Plaintiff was employed by TRS from approximately February 1997 through approximately September 2009 as a CSR.

21.   During his employment with TRS, Plaintiff worked at TRS' call center located in Greensboro, NC.

22.   Plaintiff has consented in writing to be a party to this action pursuant to 29 U.S.C. § 216(b). *See* Exhibit A.

23.   TRS is a corporation organized and existing under the laws of the State of New York.

24.   TRS has its principal place of business at 200 Vesey Street, New York, NY 10285.

25.   TRS is a wholly owned subsidiary of American Express Company.

4

26.     Upon information and belief, TRS is a national provider of credit card services, banking services, investment services, and insurance services.

27.     TRS has employed Plaintiff and those similarly situated during the relevant period.

28.     TRS is an employer within the meaning of the FLSA and the NC Labor Laws.

## FACTUAL ALLEGATIONS

29.     Plaintiff and the members of the FLSA Collective and the NC Class are current and former CSRs who worked at TRS' call centers nationwide for the relevant time periods and were not paid (1) for all the hours they worked; (2) overtime compensation for all hours worked above and beyond forty (40) hours in a single workweek; and (3) overtime compensation at the statutorily required rate for all hours worked above and beyond forty (40) hours in a single workweek.

30.     TRS has required the CSRs to perform work for TRS' benefit "off-the-clock" before their official time-keeping record began, after their official time-keeping period ended, and during lunch and break periods outside of their official time-keeping records.

31.     As a result of requiring the CSRs to work off-the-clock, Plaintiff and the members of the FLSA Collective and the NC Class have not been paid for hours the actually worked.

32.     At the beginning of every work day, Plaintiff and the members of the FLSA Collective and the NC Class have been required by TRS' managers and supervisors to perform work including but not limited to the following tasks: starting the computer system, logging-in to the computer by entering a password, logging-in to at least six applicable computer programs by entering a password to each program, and performing relevant administrative tasks, such as reviewing TRS' policy updates and changes in service products. As a policy and/or practice,

5

TRS has not compensated Plaintiff and the members of the Classes for this work, which was performed for the benefit of TRS.

33. At the end of every work day, Plaintiff and the members of the FLSA Collective and the NC Class have been required by TRS' managers and supervisors to log-off of the telephone system once they have completed answering and servicing TRS' customers' telephone calls. Plaintiff and members of the FLSA Collective and the NC Class have been required, at the instruction of and/or for the benefit of TRS, to continue to perform work after logging out of telephone system. This work includes but is not limited to, completing paperwork, writing correspondence to customers, sending relevant documents to customers, performing administrative tasks, such as reviewing TRS' policy updates and changes in service products, logging out of the computer system, and shutting down the computer system. TRS has not compensated Plaintiff and members of the FLSA Collective and the NC Class for hours worked after logging off the telephone system.

34. Plaintiff and members of the FLSA Collective and the NC Class are required by TRS to stay on a telephone call with a customer until such call finishes. If a call continues into a lunch period, Plaintiff and members of the FLSA Collective and the NC Class are required by TRS to continue servicing the customer's telephone call. As a result, Plaintiff and members of the FLSA Collective and the NC Class have worked through their lunch periods.

35. At all relevant times, TRS, through its policies and procedures, has not compensated Plaintiff and members of the FLSA Collective and the NC Class for hours worked during their lunch periods, at the instruction of and/or the benefit of TRS, and described herein.

6

36. At all relevant times, TRS' timekeeping program automatically deducts thirty (30) minutes for lunch for each day, regardless of whether Plaintiff and members of the FLSA Collective and the NC Class worked during the lunch period.

37. TRS suffered or permitted uncompensated work performed by Plaintiff and members of the FLSA Collective and the NC Class.

38. At relevant times, TRS paid Plaintiff and members of the FLSA Collective and the NC Class incentive payments based on customer survey results. Upon completion of a call with a CSR, an automated system asks the customer to rate their experience and the CSR. TRS pays incentives to CSRs based on the survey results.

39. However, TRS has not included such incentive payments in calculating the regular rate of pay for purposes of paying overtime as required by the FLSA and the NC Labor Laws. As a result, TRS has failed to pay such overtime compensation at the statutorily required rate.

40. TRS' failure to pay Plaintiff and the members of the FLSA Collective and the NC Class wages for all hours worked and premium overtime compensation for all hours worked in excess of forty (40) hours per workweek, as set forth in the preceding paragraphs, has occurred on a daily basis. As these violations have been ongoing and continuous since as long ago as February 1997, when Plaintiff began his employment with TRS, and have occurred at the direction of TRS' managers and supervisors, they are knowing and willful.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

41. Plaintiff brings this action individually and on behalf of the FLSA Collective, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and on behalf of the NC Class pursuant to the Federal Rules of Civil Procedure 23 based on violations of NCWHA §§ 95-24 *et*

7

*seq.* and §§ 95-25 *et seq.* ("NCWHA"), including §§ 95-25.4 and 95-25.22 and the administrative rules of the North Carolina Department of Labor.

42.     Plaintiff seeks to prosecute FLSA claims individually and as a collective action, pursuant to 29 U.S.C. § 207, on behalf of the following Collective:

All persons who: (i) have been employed as a CSR with TRS at any time from November 10, 2006 to the entry of final judgment in this action; (ii) have chosen to opt-in to this action; and (iii) have not been paid overtime compensation at a rate not less than one and one-half times their regular rate for each hour worked beyond 40 hours during a workweek and/or did not receive proper overtime premium pay based on the correct regular rate of pay.

43.     Plaintiff brings his state law claims on behalf of himself and, pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of the following similarly situated persons (the NC Class):

All persons who: (i) have been employed as a CSR with TRS in the State of North Carolina at any time from November 10, 2007 to the entry of final judgment in this action; and (ii) have not been paid hourly wages for all the hours worked in a given workweek, and/or overtime compensation at a rate not less than one and one-half times their regular rate of pay for each hour worked beyond 40 hours during a workweek.

44.     The members of the FLSA Collective and NC Class are so numerous that joinder of all members is impractical. For example, there are approximately 450 CSRs at TRS' Greensboro, NC call center, and TRS operates call centers in Utah, Florida, and Arizona. While the exact number of the members of the FLSA Collective and NC Class is unknown to Plaintiff at this time, and can only be ascertained though appropriate discovery, upon information and

8

belief, there are hundreds, if not thousands, of individuals in the Class and in the Collective, respectively.

45.    Plaintiff will fairly and adequately protect the interests of the members of the FLSA Collective and NC Class and has retained counsel that is experienced and competent in class action and employment litigation. Outten & Golden LLP and Progressive Law Group LLC meet all of the requirements of Fed. R. Civ. P. 23(g). *See, e.g., Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 165 (S.D.N.Y. 2008) (appointing Outten & Golden LLP as class counsel on the basis of its "experience[] in handling wage and hour class actions and . . . knowledge of the applicable law"); *Stefaniak v. HSBC Bank USA*, N.A., No. 05-CV-720, 2008 U.S. Dist. LEXIS 53872, at *8 (W.D.N.Y. June 28, 2008) (Outten & Golden LLP's attorney "are experienced in prosecuting and settling employment-based class and collective actions, including wage and hour matters," "possess the experience and ability to represent effectively the class's interests," and "[have] adequately represented the class in this action.") (internal brackets and citation omitted); *Gilliam v. Addicts Rehab. Ctr. Fund*, No. 05 Civ. 3452, 2008 U.S. Dist. LEXIS 23016, at *6 (S.D.N.Y. Mar. 24, 2008) ("[Outten & Golden LLP] ha[s] substantial experience prosecuting class action cases involving wage and hour claims.").

46.    Plaintiff has no interests that are contrary to, or in conflict with, the members of the FLSA Collective and NC Class.

47.    A class action lawsuit, such as the instant one, is superior to other available means for the fair and efficient adjudication of Plaintiff's claims. The damages suffered by individual members of the FLSA Collective and NC Class are relatively small when compared to the expense and burden of litigation, making it virtually impossible for the members of the Classes to individually seek redress for the wrongs they have suffered. Concentrating this litigation in one

9

forum where TRS is headquartered and where TRS witnesses are located will promote judicial economy and avoid multiple or competing adjudications of the same claims.

48.    Questions of law and fact common to Plaintiff and the members of the FLSA Collective and NC Class predominate over any questions affecting individual members of this action. Among the common questions of law and fact are:

a.    Whether TRS, by its policy and/or practice, required Plaintiff and the members of the FLSA Collective and the NC Class to work off-the-clock before and after their shifts and through their lunch periods;

b.    Whether TRS, by its policy and/or practice, failed to pay Plaintiff and Plaintiff and members of the FLSA Collective and the NC Class all compensation due to them for all hours worked, in violation of the FLSA and the NC Labor Laws;

c.    Whether TRS, by its policy and/or practice, failed to pay Plaintiff and members of the FLSA Collective and the NC Class overtime compensation for each hour worked in excess of forty for a workweek, in violation of the FLSA and the NC Labor Laws;

d.    Whether TRS, by its policy and/or practice, failed to pay Plaintiff and the members of the NC Class for all hours worked, in violation of the NC Labor Laws;

e.    Whether TRS, by its policy and/or practice, miscalculated the regular rate for determining overtime premium pay;

f.    Whether Plaintiff and the members of the FLSA Collective and NC Class have sustained damages and, if so, what is the proper measure of damages.

### FIRST CAUSE OF ACTION
**Fair Labor Standards Act – Unpaid Overtime Compensation**
**(Brought on Behalf of Plaintiff and the FLSA Collective)**

49.    Plaintiff realleges and incorporates by reference all allegations in all preceding

10

paragraphs.

50.    TRS has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Class Action Complaint.

51.    Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff's consent form is attached hereto as Exhibit A.

52.    At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

53.    At all relevant times, Plaintiff and others similarly situated are/were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a) in that they were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a) and were employed by TRS.

54.    The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to TRS.

55.    TRS has failed to pay Plaintiff and other similarly situated current and former employees the overtime wages for all hours worked in excess of forty (40) in one workweek, to which they were entitled under the FLSA.

56.    TRS' violations of the FLSA, as described in this Class Action Complaint, have been willful and intentional. TRS has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

57.    Because TRS' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

58.     As a result of TRS' willful violations of the FLSA, Plaintiff and all others similarly situated have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

59.     As a result of the TRS' unlawful acts, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
**Fair Labor Standards Act – Miscalculation of Overtime Compensation Premiums**
**(Brought on Behalf of Plaintiff and the FLSA Collective)**

60.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61.     TRS has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Class Action Complaint.

62.     Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff's consent form is attached hereto as Exhibit A.

63.     At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

64.     At all relevant times, Plaintiff and others similarly situated are/were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a) in that they were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a) and were employed by TRS.

12

65. The overtime wage provisions set forth in §§ 201 *et seq*. of the FLSA apply to TRS.

66. TRS has failed to pay Plaintiff and other similarly situated current and former employees the overtime compensation at the statutorily required rate because it has failed to include all compensation in the regular rate of pay in violation of 29 U.S.C. § 207(e). *See* 29 C.F.R. §§ 778.109, 778.113, 778.208; 778.211(c).

67. TRS' violations of the FLSA, as described in this Class Action Complaint, have been willful and intentional. TRS has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

68. Because TRS' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

69. As a result of TRS' willful violations of the FLSA, Plaintiff and all others similarly situated have suffered damages by being denied overtime compensation at the required rate in accordance with 29 U.S.C. §§ 201 *et seq*.

70. As a result of the TRS' unlawful acts, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION
**North Carolina Labor Laws – Unpaid Overtime Compensation**
**(Brought on Behalf of Plaintiff and the NC Class)**

71. Plaintiff realleges and incorporates by reference all allegations in paragraphs 1-48

13

above.

72. TRS has engaged in a widespread pattern, policy, and practice of violating the NC Labor Laws, as detailed in this Class Action Complaint.

73. The foregoing conduct, as alleged, violates the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1 *et seq.*

74. At all relevant times, TRS has been, and continues to be an "employer" within the meaning of the NC Labor Laws. At all relevant times, TRS has employed, and/or continues to employ, "employee[s]," including Plaintiff and the NC Class, within the meaning of the NC Labor Laws.

75. Plaintiff and the other members of the NC Class acted directly or indirectly in the interest of TRS and are "employee[s]" within the meaning of the NC Labor Laws.

76. Plaintiff and the NC Class members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

77. At all relevant times, TRS had a policy and practice of willfully failing to pay overtime compensation to Plaintiff and the NC Class members for their hours in excess of 40 hours per week in violation of N.C. Gen. Stats. §§ 95-25.6, 95-25.7, 95-25.7(A), 95-25.8, and 95-25.22.

78. As a result of TRS' failure to pay overtime compensation earned and due, and its decision to withhold overtime compensation earned and due, to Plaintiff and the NC Class members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, TRS has willfully violated, and continue to violate, the NC Labor Laws §§ 95-25.6, 95-25.7, 95-25.7(A), 95-25.8, and 95-25.22.

79. As a result of TRS' failure to record, report, credit, and furnish to Plaintiff and

14

each of the NC Class members their respective wage and hour records showing all wages earned and due for all work performed, TRS has failed to make, keep, preserve, and furnish such records, in violation of N.C. Gen. Stat. §§ 95-25.13 and 95-25.15, and 13 N.C. Admin Code §§ 12.0801-12.0807.

80.     Plaintiff, on behalf of himself and members of the prospective NC Class, seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by TRS.

81.     Plaintiff, on behalf of himself and members of the NC Class, seeks damages in the amount of twice the respective unpaid wages earned (plus interest) and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, NC Labor Laws, specifically §§ 95-25.6, 95-25.7, 95-25.7(A), 95-25.8, and 95-25.22, and such other legal and equitable relief from TRS' unlawful and willful conduct as the Court deems just and proper.

### FOURTH CAUSE OF ACTION
**North Carolina Labor Laws – Miscalculation of Overtime Compensation Premiums**
**(Brought on Behalf of Plaintiff and the NC Class)**

82.     Plaintiff realleges and incorporates by reference all allegations in paragraphs 1-48 and 72-81 above.

83.     TRS has engaged in a widespread pattern, policy, and practice of violating the NC Labor Laws, as detailed in this Class Action Complaint.

84.     The foregoing conduct, as alleged, violates the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1 *et seq.*

85.     At all relevant times, TRS has been, and continues to be an "employer" within the meaning of the NC Labor Laws. At all relevant times, TRS has employed, and/or continues to employ, "employee[s]," including Plaintiff, and each of the members of the prospective NC

15

Class, within the meaning of the NC Labor Laws.

86.     Plaintiff and the other members of the NC Class acted directly or indirectly in the interest of TRS and are "employee[s]" within the meaning of the NC Labor Laws.

87.     Plaintiff and the NC Class members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

88.     At all relevant times, TRS had a policy and practice of willfully failing to pay overtime compensation to Plaintiff and the NC Class members at the required rate by failing to include incentive payments in calculating the regular rate of pay.

89.     As a result of TRS' failure to pay overtime premiums at the required rate, TRS has willfully violated, and continue to violate, the NC Labor Laws §§ 95-25.6, 95-25.7, 95-25.7(A), 95-25.8, and 95-25.22.

90.     As a result of TRS' failure to record, report, credit, and furnish to Plaintiff and the other NC Class members their respective wage and hour records showing all wages earned and due for all work performed, TRS has failed to make, keep, preserve, and furnish such records, in violation of N.C. Gen. Stat. §§ 95-25.13 and 95-25.15, and 13 N.C. Admin Code §§ 12.0801-12.0807.

91.     Plaintiff, on behalf of himself and members of the NC Class, seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by TRS.

92.     Plaintiff seeks damages on behalf of himself and members of the NC Class in the amount of twice the respective unpaid wages earned (plus interest) and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, NC Labor Laws, specifically §§ 95-25.6, 95-25.7, 95-25.7(A), 95-25.8, and 95-25.22, and such other legal and equitable relief from TRS' unlawful and willful conduct as the Court

16

deems just and proper.

**FIFTH CAUSE OF ACTION**
**North Carolina Labor Laws – Unpaid Wages**
**(Brought on Behalf of Plaintiff and the NC Class)**

93.     Plaintiff realleges and incorporates by reference all allegations in paragraphs 1-48, 72-81, and 83-92 above.

94.     TRS has engaged in a widespread pattern, policy, and practice of violating the NC Labor Laws, as detailed in this Class Action Complaint.

95.     The foregoing conduct, as alleged, violates the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1 *et seq.*

96.     At all relevant times, TRS has been, and continues to be an "employer" within the meaning of the NC Labor Laws.  At all relevant times, TRS has employed, and/or continues to employ, "employee[s]," including Plaintiff and the NC Class, within the meaning of the NC Labor Laws.

97.     Plaintiff and the members of the NC Class acted directly or indirectly in the interest of TRS and are "employee[s]" within the meaning of the NC Labor Laws.

98.     At all relevant times, TRS had a policy and practice of willfully failing to pay Plaintiff and the NC Class members wages for all hours worked.

99.     As a result of TRS' failure to pay Plaintiff and the NC Class members wages for all hours worked, TRS have willfully violated, and continue to violate, the NC Labor Laws §§ 95-25.1 *et seq.*

100.     As a result of TRS' failure to record, report, credit, and furnish to Plaintiff and the other NC Class members their respective wage and hour records showing all wages earned and due for all work performed, TRS has failed to make, keep, preserve, and furnish such records, in

17

violation of N.C. Gen. Stat. §§ 95-25.13 and 95-25.15, and 13 N.C. Admin Code §§ 12.0801-12.0807.

101. Plaintiff, on behalf of himself and members of the prospective NC Class, seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by TRS.

102. Plaintiff, on behalf of himself and members of the NC Class, seeks damages in the amount of twice the respective unpaid wages earned (plus interest) and such other legal and equitable relief from TRS' unlawful and willful conduct as the Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A. At the earliest possible time, Plaintiff should be allowed to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by TRS as customer service workers. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper overtime wages;

B. Unpaid wages;

C. An additional and equal amount as liquidated damages under the FLSA;

D. Damages provided by applicable law;

E. Certification of the NC Labor Law claims in this action as class actions and that the case proceed as a collective action as to the FLSA claims. (Plaintiff reserves the right to plead individual state law wage claims for individuals who

18

have joined this action and put TRS on notice that they may seek to do so);

F.    Designation of each named Plaintiff as Class Representative;

G.    A declaratory judgment that the practices complained of herein are unlawful

under appropriate state law;

H.    Appropriate equitable and injunctive relief to remedy TRS' violations,

including but not necessarily limited to an order enjoining TRS from continuing

its unlawful practices;

I.    Restitution;

J.    Pre-Judgment and Post-Judgment interest, as provided by law;

K.    Attorneys' fees and costs of suit, including expert fees; and

L.    Such other injunctive and equitable relief as the Court may deem just and

proper.

Dated:  New York, New York
        November 24, 2009

                        Respectfully submitted,

                        **OUTTEN & GOLDEN LLP**
                        By:

                        _____
                        Adam T. Klein (AK 9822)

                        **Outten & Golden LLP**
                        Adam T. Klein (AK 3293)
                        Molly A. Brooks (MB 2360)
                        3 Park Avenue, 29th Floor
                        New York, New York 10016
                        Telephone:  212-245-1000

**PROGRESSIVE LAW GROUP LLC**
Ilan Chorowsky
222 W. Ontario, Suite 310
Chicago, IL 60610
(312) 787-2717
ilan@progressivelaw.com

*Attorneys for Plaintiff and the Putative Classes*

# EXHIBIT A

## AMERICAN EXPRESS – PLAINTIFF CONSENT FORM

Within the past three years, I worked as a customer service representative of American Express Travel Related Services Company, Inc. but did not receive all due and owing wages, or overtime pay at a rate of 1.5 times my hourly wage.

I consent to join the above-captioned case against American Express Travel Related Services Company, Inc. and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

I hereby designate Outten & Golden LLP and Attorney Ilan Chorowsky of Progressive Law Group LLC to represent me in bringing my claim.

I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

I also consent to join any separate or subsequent action to assert my claim against American Express Travel Related Services Company, Inc. or any related entities or persons potentially liable.

_____     11.17.09
Signature                            Date

Ashley Daniel Amick
Print Full Name

## Fax, mail, or e-mail to one of the following:

Ilan Chorowsky
Progressive Law Group LLC
222 West Ontario Street, Suite 310
Chicago, IL 60610
(312) 787-2717 (phone)
(888) 574-9038 (fax)
ilan@progressivelaw.com

Adam Klein
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, New York 10016
(212) 245-1000 (phone)
(212) 977-4005 (fax)
ATK@outtengolden.com

**RECEIPT FOR PAYMENT**
**UNITED STATES DISTRICT COURT**
**for the**
**SOUTHERN DISTRICT OF NEW YORK**

**E 707113**

at _____

RECEIVED FROM    *Cutten + Golden*

*09cv 9780 (ALH)*

| Fund | | |
|------|------|------|
| 6855XX | Deposit Funds | |
| 604700 | Registry Funds | |
| | General and Special Funds | USDC |
| 508800 | Immigration Fees | |
| 085000 | Attorney Admission Fees | INVOICE# 35680 |
| 086900 | Filing Fees | |
| 322340 | Sale of Publications | DATE\TIME: 11/24/2009 4:31:19 PM |
| 322350 | Copy Fees | CASHIER: CATHERINE #5 |
| 322360 | Miscellaneous Fees | STATION: 02 |
| 143500 | Interest | |
| 322380 | Recoveries of Court Costs | |
| 322386 | Restitution to U.S. Government | Item Count: 3 |
| 121000 | Conscience Fund | |
| 129900 | Gifts | 1 COMPLAINT 4/06          $350.00 |
| 504100 | Crime Victims Fund | 086900   $60. |
| 613300 | Unclaimed Monies | 510000   $190.00 |
| 510000 | Civil Filing Fee (½) | 086400  $100 |
| 510100 | Registry Fee | |

GRAND TOTAL          $350.00

Checks and drafts are accepted subject to col-
lection and full credit will only be given when the
check or draft has been accepted by the financial
institution on which it was drawn.          CHECK Amount          $350.00

DEPUTY CLERK: _____

| DATE: | | Cash | Check | M.O. | Credit |
|-------|------|------|-------|------|--------|
| 20 | | | | | |