UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
                                                        :

ASHLEY AMICK, individually and on behalf of all  :
others similarly situated,                             :    **ORDER GRANTING**
                                                        :    **MOTION TO TRANSFER**
                                Plaintiff,                        :
                                                        :    09 Civ. 9780 (AKH)
   -against-                                          :

AMERICAN EXPRESS TRAVEL RELATED    :
SERVICES COMPANY, INC.,                          :

                                  Defendant.             :

------------------------------------------------------------------ x
ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff Ashley Amick brings this action to recover unpaid wages and overtime compensation arising out of his employment at Defendant's Greensboro, North Carolina customer service call center. Amick seeks to represent all similarly-situated employees in a collective action under the Fair Labor Standards Act ("FLSA") and in a Rule 23 class action under the North Carolina Wage and Hour Act ("NCWHA"). Defendant American Express Travel Related Services ("TRS") moves to transfer the action to the Middle District of North Carolina and to stay proceedings pending resolution of its motion to transfer. For the reasons stated below, I grant Defendant's motion to transfer, and deny the motion to stay as moot.[1]

---

[1] By letter dated January 11, 2010, Amick sought to compel TRS to produce documents relating to Amick's claim that the compensation practices stemmed from a policy developed at TRS's corporate headquarters. Amick also sought permission to conduct a Rule 30(b)(6) deposition.
     I deny Plaintiff's requests as unnecessary since the crux of his claim is the alleged illegality of TRS's compensation policy implemented within the Greensboro call center (or any of TRS's other call centers), not its development at TRS's corporate headquarters. Moreover, even assuming an improper compensation policy was developed at TRS's corporate headquarters, I still conclude that the Middle District of North Carolina is the more appropriate venue for this action since it remains the center of gravity of the case and a more convenient venue for the parties and for the non-party witnesses. Berman

1

TRS is a New York corporation that operates customer service call centers in Arizona, Florida, North Carolina, and Utah. TRS employed Amick as a customer service representative in its Greensboro, North Carolina call center from February 1997 through September 2009. Throughout that time, Amick resided in North Carolina. He alleges that TRS implemented a compensation policy that violated federal and state law by failing to compensate him and similarly-situated customer service representatives for time worked before their shifts started, during unpaid lunch breaks, and after the end of their shifts, and by failing to include all compensation in calculating the regular rate of overtime premium pay. Amick claims that the TRS compensation policies in its Greensboro call center were developed in TRS's New York City corporate headquarters. Amick purports to represent, under the NCWHA, a class of approximately 450 co-workers who also worked in Greensboro, and under the FLSA, a nation-wide class of all customer-service representatives.

I have the discretion to transfer this action to the Middle District of North Carolina "[f]or the convenience of the parties and witnesses, [and] in the interest of justice," provided that the action "might have been brought" in the Middle District of North Carolina. 28 U.S.C. § 1404(a); Schwartz v. R.H. Macy's, Inc., 791 F. Supp. 94, 94-95 (S.D.N.Y. 1992). In addition to the § 1404(a) requirements, courts consider several factors before deciding whether to grant a motion to transfer, D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106-07 (2d Cir. 2006), but the "core determination . . . is the center of gravity of the litigation." Viacom International, Inc. v. Melvin Simon Productions, Inc., 774 F. Supp. 858, 868 (S.D.N.Y. 1991). "Courts routinely transfer cases when the principal events occurred, and the principal witnesses are located, in another district. Viacom International, Inc., 774 F. Supp. at 868 (citing Computer

---

v. Informix Corp., 30 F. Supp. 2d 653, 657 (S.D.N.Y. 1998); California Innovations, Inc. v. Traveler's Club Luggage, Inc., No. 06-06482, 2006 U.S. Dist. LEXIS 72366 at *6-7 (W.D.N.Y. Oct. 4, 2006).

Horizons Corp. v. Knauer, 483 F. Supp. 1272 (S.D.N.Y. 1980)). TRS, as the moving party, must make a clear and convincing showing that it is entitled to transfer the action to another district. Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir. 1978); see also Editorial Musical Latino Americana, S.A. v. Mar International Records, 829 F. Supp. 62, 66 (S.D.N.Y. 1993).

As an initial matter, this action "might have been brought" in the Middle District of North Carolina because the alleged wage and hour violations occurred in Greensboro, North Carolina, which is within the Middle District of North Carolina. 28 U.S.C. § 1391(b); § 1404(a).

Though courts are instructed to give "substantial consideration" to a plaintiff's choice of venue, Hill v. Golden Corral Corp., No. 98-CV-7872 (JG), 1999 U.S. Dist. LEXIS 7994 at *6-7 (E.D.N.Y. May 21, 1999), Amick's decision to bring this action in the Southern District of New York is accorded a lesser degree of deference because he is not a resident of the Southern District of New York and the instant action "is minimally connected with [this District]." Abney v. General Electric Co., No. 08 Civ. 7344 (WHP), 2009 U.S. Dist. LEXIS 59738 (S.D.N.Y. May 4, 2009) (quoting Pierce v. Coughlin, 806 F. Supp. 426, 429 (S.D.N.Y. 1992)). Throughout his employment, Amick resided in North Carolina and worked at TRS's Greensboro call center. His direct supervisors, human resources personnel, and co-workers, were all employed at the Greensboro office. The only connection to the Southern District of New York is the allegation of a compensation policy that was allegedly crafted in TRS's corporate headquarters. But the issue raised in this case is the legality, or illegality, of TRS's policies and practices, not in New York, but in the Greensboro call center (and possibly the Arizona, Florida, and Utah).

Moreover, Amick's decision to pursue his claims in this District is also accorded a lesser degree of deference because he seeks to represent, essentially, a class of North Carolina

3

co-workers, although he claims also on behalf of a nationwide FLSA collective action.  See Warrick v. General Electric Co., 70 F.3d 736, 741 n.7 (2d Cir. 1995) ("Plaintiff's choice of forum is a less significant consideration . . . in a class action than in an individual action."); Adeva v. Intertek USA Inc., No. 04-CV-6937 (RJD), 2009 U.S. Dist. LEXIS 18161 at *7) ("[A] plaintiff who sues as a class representative . . . is entitled to less deference in her choice of forum.").

Transfer is also appropriate because "the center of gravity of the litigation" is in Greensboro, North Carolina.  Indian Harbor Insurance Co. v. Factory Mutual Insurance Company, 419 F. Supp. 2d 395, 402 (S.D.N.Y. 2005).  Throughout his entire term of employment with TRS, Amick worked in the Greensboro call center, where he alleges all of the violations of state and federal labor laws occurred.

Transfer to the Middle District of North Carolina will also promote the convenience of the parties and the non-party witnesses.  Berman, 30 F. Supp. 2d at 657-58 ("Convenience of both the party and the non-party witnesses is probably the single-most important factor in the analysis of whether transfer should be granted.") (citing Barge v. The Daily Journal Corp., 95 Civ. 8135 (MBM), 1996 U.S. Dist. LEXIS 10936 at *8-10 (S.D.N.Y. Aug. 1, 1996)); California Innovations, Inc. v. Traveler's Club Luggage, Inc., No. 06-06482, 2006 U.S. Dist. LEXIS 72366 at *6-7 (W.D.N.Y. Oct. 4, 2006) (transferring action to Central District of California where "witnesses, documents, and proof" were located).  Though Amick alleges that an illegal compensation scheme was developed in New York, the alleged violations occurred in North Carolina, and his claims will necessarily rely on the testimony of co-workers (and putative class members), immediate supervisors, human resources personnel, and payroll clerks—all of whom were employed in the Greensboro call center.

Transfer is also appropriate because this Court cannot compel the attendance at trial of witnesses residing in North Carolina. Fed. R. Civ. P. 45(b)(2) (limiting a court's subpoena power to 100 miles from the courthouse); Commercial Solvents Corp. v. Liberty Mutual Insurance Co., 371 F. Supp. 247, 250 (S.D.N.Y. 1974) ("The possibility that a case may be tried where certain crucial witnesses could not be compelled to attend is an important consideration.") (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 511 (1947)); Topolnycky v. Ukrainian Savings & Loan Ass'n, No. 90-878, 1991 U.S. Dist. LEXIS 21796 at *6-7 (W.D.N.Y. June 12, 1991).

Though the location of relevant documents should be considered, D.H. Blair & Co., 462 F.3d at 106, and documents relating to the alleged compensation scheme may possibly be found in New York City, the documents that count are those in the Greensboro call center. Furthermore, Plaintiff's employment records are located in Greensboro, and employment records for the putative collective and class action members are located in TRS's four call centers, located in Arizona, Florida, North Carolina, and Utah—not New York. Nobbe v. General Motors Corp., No. 08 CV 4631, 2009 U.S. Dist. LEXIS 44511 at *11 (N.D. Ill. May 27, 2009); Wilson v. Rycoline Products, No. 2:06-CV-286, 2006 U.S. Dist. LEXIS 68149 at *5 (E.D. Tex. Sept. 22, 2006).

The locus of operative facts weighs in favor of transfer because all of Amick's individual claims, and all claims of the putative Rule 23 class, occurred in North Carolina. The FLSA collective action would focus on violations of federal law that occurred in North Carolina, and perhaps in Arizona, Florida, and Utah—not New York. Hall v. South Orange, 89 F. Supp. 2d 488, 494 (S.D.N.Y. 2000) (transferring venue to District of New Jersey because "a substantial part of the events . . . occurred in . . . New Jersey" even though other events took place in the

Southern District of New York"); Sheet Metal Workers' National Pension Fund v. Gallagher, 669 F. Supp. 88, 93 (S.D.N.Y. 1987) ("Transfer is not precluded where the operative facts have some connection to the initial forum if the transferee district has a stronger connection with the operative facts raised in the pleadings."). As noted above, Plaintiff and all putative class members were employed in Greensboro. Plaintiff's supervisors, payroll clerks, and human resources employees are in Greensboro.

To the extent North Carolina's labor laws will be at issue, a federal court in North Carolina would have more familiarity with those laws than would this Court. Earley v. BJ's Wholesale Club, Inc., 06 Civ. 3529 (WHP), 2007 U.S. Dist. LEXIS 40125 at *8-9 (S.D.N.Y. June 4, 2007) ("While any district would be presumed to have expertise in adjudicating Plaintiff's FLSA claims, it is indisputable that courts in the Middle District of Pennsylvania have a greater familiarity with [Pennsylvania labor laws] than courts in [a district outside of Pennsylvania]. This factor weighs in favor of transfer to Pennsylvania."). Lastly, since the parties have not commenced discovery, and Defendant has yet to answer Plaintiff's complaint, "a transfer will not significantly disrupt the litigation or result in a waste of judicial resources." Zokaites v. Land-Cellular Corp., 424 F. Supp. 2d 824, 841 (W.D. Pa. 2006).

For the reasons stated above, TRS has made a clear and convincing showing that it is entitled to transfer the action to the Middle District of North Carolina. Factors Etc., 579 F.2d at 218; Editorial Musical Latino Americana, S.A., 829 F. Supp. at 66. Accordingly, TRS's motion to transfer to the Middle District of North Carolina is granted. TRS's motion to stay proceedings pending resolution of the instant motion is denied as moot.

The Clerk shall mark the motions (Doc. Nos. 5 & 9) as terminated.

SO ORDERED.

Dated: January 26, 2010
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge